# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NANCY ORTIZ,

Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

Defendant.

1:11-cv-1443 LJO-BAM

**FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

## BACKGROUND

Plaintiff Nancy Ortiz ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income ("SSI") benefits pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for findings and recommendations to the District Court.

**FACTS AND PRIOR PROCEEDINGS**[1]

On September 21, 2005, Plaintiff filed her first applications for supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act alleging disability beginning January 15, 2003. AR 20, 71. These applications were ultimately denied by an Administrative Law Judge (ALJ), who issued a September 27, 2007 decision finding Plaintiff not disabled. AR 78. Plaintiff did not appeal this ALJ decision.

On April 17, 2008, Plaintiff filed another application for supplemental social security income benefits, alleging disability beginning January 15, 2003. AR 150. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an ALJ. AR 90, 98. ALJ Sandra K. Rogers held a hearing on March 22, 2010, and issued an order denying benefits on May 28, 2010, finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the May 28, 2010 decision the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(C); 20 C.F.R. § 416.1481. This appeal followed.

**Relevant Mental Impairment Evidence**

The entire medical record was reviewed by the Court. AR 224-739. The medical evidence will be referenced below as necessary to this Court's decision.

**Hearing Testimony**

ALJ Rogers held a hearing on March 22, 2010. AR 34. Plaintiff appeared and testified; she was assisted by attorney Jeffrey Milam. Vocational Expert ("VE") George Meyers also testified. AR 35.

At the time of the hearing, Plaintiff was forty-two years old and living with the youngest of her two daughters in Stockton, California. AR 37. Plaintiff testified that she dropped out of high school in her senior year but later obtained a GED. AR 39. Plaintiff previously worked as a nurse's aide and cashier. AR 56. She explained that she stopped working because of general joint pain, which was most severe in her neck, right arm, right hip, knee, and ankle, and on and off in the low back. AR 39-40. She also described having memory problems and confusion. AR 43. Plaintiff

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

testified she was 4 feet, 9 inches tall, weighed 250 pounds, and had gained 150 pounds since her joint pain began. AR 38. She explained that the weight gain made her pain and depression worse. AR 47.

Plaintiff reported that she had to alternate between sitting, standing, and lying down during the day, usually for no more than an hour at a time because of numbness and pain. AR 40-41, 44, 47. She also stated she could only use her hands for 30 minutes at a time before resting them. AR 47. Plaintiff testified that because of her right-side pain, her daughters helped her bathe and clean the house. AR 46. Plaintiff reported that physical therapy and hot baths helped her pain, though she also took medication. AR 48.

When asked about her mental impairments, Plaintiff testified that she had recently been diagnosed with bipolar disorder, her depressive symptoms had grown worse with time, and that her mental health medication helped "somewhat" but prevented her from operating any machinery. AR 44-45, 48. Plaintiff testified that she drove her daughter to school every morning, but not in the afternoon after taking medications. AR 37. She described having "a little" problem communicating with people (AR 45), and her daughters helped her pay her bills. AR 46.

After Plaintiff testified, the ALJ elicited testimony from Plaintiff's lay witness. Maribel Vargas, Plaintiff's social worker, testified that she saw Plaintiff weekly for approximately 30 minutes, and worked with her when she recently began attending a weekly group meeting. AR 50-52, 55. She explained that she was at the hearing in order to offer information on behalf of Plaintiff's treatment team in lieu of a document that had been completed but not yet signed. AR 51. She testified that Plaintiff's ability to concentrate depended on the issues they were addressing and her mood; that is, when Plaintiff was having problems at home, she tended to isolate herself, not engage with the mental health treatment staff, and not open the door or answer her telephone. AR 53. Ms. Vargas also testified that sometimes Plaintiff could fully focus on a task and "she'll get it done with whatever it takes," (e.g., preparing for the ALJ hearing), but other times "she is not willing to put any effort." AR 53-54. She also described Plaintiff as usually either "a little bit [] disoriented, or not able to focus at the particular time." AR 54. Ms. Vargas testified that Plaintiff was "pretty much on task with the group meetings once a week for one hour," but based on her observations, did

not think Plaintiff was capable of "interacting in a job position." AR 55.

Thereafter, the ALJ elicited the testimony of vocational expert George Meyers. AR 56. VE Meyers indicated that Plaintiff's past relevant work includes: a cashier, light and unskilled; and a nurse assistant, medium and semiskilled. Plaintiff performed her work as a nurse assistant at the heavy work category. AR 56. VE Meyers opined that Plaintiff could not perform her past relevant work as a cashier or nurse assistant.

VE Meyers was asked to assume a hypothetical worker of Plaintiff's age, education, and work history with a moderate inability to interact appropriately with the general public, and an inability to complete a normal workday or work week without interruption from psychologically-based symptoms. AR 57. VE Meyers indicated such an individual could complete jobs at the sedentary, unskilled level, including order clerk, ticket counter, and charge account clerk.

Plaintiff's counsel asked the VE to consider the same hypothetical individual with the following abilities and/or limitations: can lift and/or carry ten pounds frequently and occasionally; handle and finger objects frequently, and who was moderately limited in the ability to interact appropriately with the general public and to complete a normal workday or workweek. The VE indicated that such an individual could perform the representative unskilled, sedentary jobs of order clerk, ticket counter, and charge account clerk. AR 56-57.

**ALJ's Findings**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 12. *See* 20 C.F.R. § 404.1520 (2011). More particularly, at step one, the ALJ found that Plaintiff had not worked since she applied for benefits on April 17, 2008. AR 20-28. At step two, the ALJ found that Plaintiff had the severe impairments of early/mild degenerative joint disease, polyarthropay (joint disease), obesity, and depression. AR 23. The ALJ found that these impairments did not meet or equal a listing at step three. AR 22-23.

Based on her review of the entire record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with some limitation in bilateral handling and fingering and a moderate limitation in her ability to interact appropriately with the general public

and to complete a normal workday without interruption from psychologically-based symptoms. AR 24-26. At step four, the ALJ subsequently found that Plaintiff could not perform her past relevant work. AR 26-28. Nevertheless, considering Plaintiff's age, education, work experience and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 26-28.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[2]

### A. Evidence before the Appeals Council

Plaintiff first argues that the Appeals Council failed to provide specific and legitimate reasons for rejecting the new evidence from her treating physicians. *See* Pl.'s Br. at 6. Plaintiff identifies three documents including: (1) a March 22, 2010 form report from treating physician Donald Powell, M.D. (AR 728); (2) a March 19, 2010 form report from treating physician Marie Francisco, M.D.[3] (AR 308-309); and (3) a March 5, 2010 clinic visit note from Dr. Francisco as new evidence before the Appeals Council.

Plaintiff's argument is misleading. Plaintiff suggests that the "new" evidence requiring re-consideration are the March 2010 treating opinions of Drs. Powell and Francisco. *See* Pl.'s Br. at 6:21-26. However, the ALJ addressed both of these opinions in her May 28, 2010 hearing decision, and articulated the reasons for rejecting them. AR 26. Further, Plaintiff does not challenge the ALJ's reasons for discounting Drs. Powell and Francisco's opinions.

The only new evidence before the Appeals Council was the March 5, 2010 clinic visit note from Dr. Francisco. AR 730-739. On June 23, 2011, the Appeals Council issued a Notice of Appeals Council Action notifying Plaintiff that her request for review of the ALJ's decision was denied. The Appeals Council addressed the new evidence submitted by Plaintiff, stating:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

---

2 The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

3 In error, Plaintiff identifies Dr. Marie Francisco, as "Dr. Mary Francisco." (Doc. 22).

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

AR 2.

The Appeals Council has an obligation to provide "specific and legitimate reasons" for rejecting the medical opinion of a treating or examining physician only when it reviews or is required to review the case. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir.1993) (requiring the Appeals Council to provide specific and legitimate reasons only after recognizing that the Appeals Council considered the case on the merits). In this case, the Appeals Council declined to grant Plaintiff's request for review. AR 1.

The Commissioner's regulations provide:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b).

Accordingly, where the Plaintiff is seeking review based on evidence not presented to the ALJ, the Appeals Council must only provide such review when the submitted evidence: (1) is new, (2) is material, and (3) relates to the period on or before the date of the ALJ hearing decision. *See Ramirez*, 8 F.3d at 1452 (relying on 20 C.F.R. § 404.970(b)).

Here, the clinic notes dated March 5, 2010 and covering a time period from November 11, 2009 to March 5, 2010 were "new" and did purport to relate to the period in question. However, the questions remains whether it was 'material." *See Rivera v. Astrue*, 2011 U.S. Dist. LEXIS 5244 (C.D. Cal. Jan. 20, 2011).

Evidence is material (and thus, relevant) only where it creates a reasonable possibility that the outcome of the case would change. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir.1984). The only applicable information contained in Dr. Francisco's clinic notes are a listing of Dr. Francisco's "assessments" which include: "cough, allergic rhinitis, myalgias, bipolar affective disorder, depressed, tobacco use, incontinence urinary, fatigue and malaise, obesity,

morbid, and BMI over 40." AR 730, 734. Dr. Francisco also lists Plaintiff's current medications which include: "New Tussin, Amoxicillian, Claritin, Neurontin, Ultram, Geodon, and Lodine. AR 735.

In her opening brief, Plaintiff does not argue that it is reasonably possible that Dr. Francisco's treatment notes would have altered the ALJ's RFC determination. In fact, Plaintiff does not address the "new evidence" before the Appeals Council in her opening brief. However, for the first time in her reply brief, Plaintiff argues that the ALJ's reasons for rejecting Dr. Francisco's opinion were not sufficient given the "extensive clinical findings" presented to the Appeals Council. (Doc. 29 at 2). According to Plaintiff, Dr. Francisco's clinical notes identify Plaintiff's fibromyalgia, chronic fatigue, bipolar disorder and myalgias. (Doc. 29 at 1). Plaintiff argues that Dr. Francisco's assessments included in her treatment notes constitute objective findings that support Dr. Francisco's determination that Plaintiff had been disabled since 2007. AR 729.

Even if the court were inclined to consider the newly-raised argument,[4] Plaintiff offers no actual theory or analysis, beyond mere conclusory assertions that listing Plaintiff's medications and impairments constitutes clinical evidence. A treating doctor's opinion is properly rejected when treatment notes "provide no basis for the functional restrictions he opined should be imposed on [claimant]." *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).

Here, the ALJ gave a good reason for rejecting the March 2010 treating opinion of Dr. Francisco, explaining that the record contained no objective basis for the excessive restrictions she assessed. AR 26, 729. The ALJ noted that Dr. Francisco opined that the claimant can sit for 6 hours and can stand and walk for less than 2 hours in an 8-hour workday. AR 26. Dr. Francisco's opinion was given little weight because it listed no diagnosis that would explain the claimant's myaliga. Furthermore, her opinion was not supported by the medical evidence. Additionally, although Dr. Francisco opined that Plaintiff was bipolar, her treatment notes do not support a finding that she had limited mental processing capacity. AR 23, 26, 264-272.

---

[4] A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Dr. Francisco's clinic notes add nothing of substance to the record; they do not show any relevant testing, and are primarily a recitation of Plaintiff's subjective complaints and past medical history. AR 734. Consequently, the additional clinic notes Plaintiff submitted to the Appeals Council do not undercut the ALJ's opinion with respect to Plaintiff's treating physicians. Therefore, the Court concludes that even with consideration of the additional notes, substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

**B. Lay Witness Testimony**

Next, Plaintiff claims that the ALJ committed error by failing to address or mention the lay witness testimony of social worker Maribel Vargas. At the hearing, Ms. Vargas testified that she is employed at Behavioral Health for San Joaquin County, Clinical La Familia, where she works as a recovery coach. AR 50. Ms. Vargas testified that Plaintiff had poor to no useful capacity for dealing with people, coworkers, and supervisors. AR 52. Plaintiff was unable to concentrate on tasks that she did not care about, but for limited tasks she cared about, she could focus, such as in preparation for her hearing. AR 53-54. Ms. Vargas concluded that Plaintiff was not mentally capable of interacting in a job position or community volunteering. AR 55. Ms. Vargas also communicated that in her opinion, Plaintiff was not fabricating her impairments and that her deficits were driven by physical and mental impairments, made worse by obesity. AR 63-65.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). "Lay testimony is not equivalent to medically acceptable diagnostic techniques that are ordinarily relied upon to establish disability." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). However, lay witness testimony as to a claimant's symptoms is competent evidence which the Commissioner must take into account. *Dodrill*, 12 F.3d at 919. Such testimony is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ must consider competent lay testimony but in rejecting such evidence, he need only provide reasons for doing so that are "germane to [the] witness." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Valentine v. Comm'r SSA*, 574 F.3d 685, 694 (9th Cir. 2009). Disregard of this evidence violates the Secretary's regulation that he will consider

observations by non-medical sources as to how an impairment affects a claimant's ability to work. 20 C.F.R. § 404.1513(e)(2); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Where lay witness testimony mirrors the claimant's testimony, and the claimant is found to be not credible, the ALJ may reject the lay witness testimony for that reason alone. *See Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 694 (9th Cir. 2009) (holding that ALJ gave a germane reason for rejecting claimant's wife's testimony where it was similar to claimant's own complaints that were properly rejected).

Plaintiff's argument that the ALJ failed to address Ms. Vargas's lay witness testimony is incorrect. In this case, the ALJ rejected Vargas's testimony as follows:

> The undersigned has also considered but granted little probative weight to the claimant's social worker's testimony. Her statements essentially mirror the subjective complaints of the claimant, which as discussed above, are inconsistent with the record as a whole. Furthermore, she acknowledged that she has only worked with the claimant for a short period of time.

AR 26.

The ALJ explained that she "granted little probative weight to the claimant's social worker's testimony" for two reasons: (1) Ms. Vargas had only worked with Plaintiff for a short period of time; and (2) her statements "mirror the subjective complaints of the claimant," which the ALJ found inconsistent with the record. AR 26. *See Lewis v. Apfel*, 236 F.3d 503, 511-512 (9th Cir. 2001) (ALJ reasonably discredited lay witness statements where the symptoms they described were not documented in the claimant's medical records, "even [where the ALJ] did not clearly link his determination to those reasons").

Indeed at the hearing, Ms. Vargas testified that she had only been working closely with Plaintiff for two to three weeks. At the hearing, Ms. Vargas was asked:

> Q: The doctors say she doesn't behave in an emotionally stable manner; that she would not, that she would not be able to function in the community, is what the form says; that there would be some problems in reliability, like getting to work on time, staying to work eight hours a day, that type of thing. Have you, have you noticed anything from your dealings with her that would support that opinion?
>
> A: It's been about two weeks that she, two or three weeks that she started attending groups. She's pretty much been on task with the group meetings once a week for one hour. As far as having her engage in another activity. As far as having her engage in another activity, it has been somewhat

> difficult, so I would say that she's not capable at this point to interacting in a job position, or in any community volunteering, things like that.

AR 55.

The ALJ was entitled to reject Ms. Vargas's testimony based on her limited interaction with Plaintiff. A person must have sufficient contact with a claimant during the relevant time period in order to qualify as a competent lay witness. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1995). Friends and family, who are in the best position to observe a claimant's daily symptoms, are generally treated as competent lay witnesses. *Sprague v. Bowen*, 812 F.2d 1226, 1232. Ms. Vargas met with Plaintiff periodically from May 2009, but only on a more thorough basis for two to three weeks.

Further, as discussed above, the ALJ may reject lay witness testimony if it is similar to the claimant's testimony, and the ALJ validly rejects the claimant's testimony. *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012). Here, the ALJ found Plaintiff to be less than credible (AR 25), and because the ALJ found that Ms. Vargas's testimony mirrored Plaintiff's subjective complaints, she could reject it on that basis.[5] Thus, the ALJ provided germane reasons for rejecting Ms. Vargas's testimony. *See Molina*, 674 F.3d at 1114.

**RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Michael J. Astrue and against Plaintiff Nancy Ortiz.

These findings and recommendations will be submitted to the district judge pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

---

[5] Plaintiff did not challenge the ALJ's credibility finding on appeal, and thus has waived any such argument. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (arguments not raised before the district court are generally waived).

Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 4, 2013**

**/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE